IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| GAIL M. GILLESPIE, AUDREY F. GILLESPIE, DARYL GILLESPIE, AND DELORES FOSTER, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. 4:14-cv-00279 |
| OCWEN LOAN SERVICING, LLC, | § § § | |
| Defendant. | § | |

**OCWEN'S RESPONSE TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

Ocwen Loan Servicing, LLC ("Ocwen"), defendant, files this response to the motion for summary judgment filed by Gail M. Gillespie, Audrey F. Gillespie, Daryl Gillespie, and Delores Foster (collectively, "Plaintiffs"), and respectfully states as follows:

**SUMMARY OF ARGUMENT**

1.  Plaintiffs are not entitled to summary judgment for several reasons.

    a.  First, even if the deed of trust is unenforceable as to Gail Gillespie's interest because it was not signed by Daryl Gillespie, which Ocwen denies, the deed of trust imposes an enforceable lien on Delores Foster's and Audrey Gillespie's interest, as cotentants may encumber their interests in property.

  b. Second, the deed of trust is enforceable with respect to Gail Gillespie's interest as she and Daryl Gillespie both ratified the loan and deed of trust by requesting reformation of the loan and by executing and witnessing a loan modification that acknowledged the validity of the deed of trust.

  c. Third, Plaintiffs are not entitled to have title quieted because Ocwen is equitably subrogated to the original deed of trust lien. The loan funds were used to discharge the indebtedness secured by that lien.

Plaintiffs' motion for summary judgment should be denied for any and all of the foregoing reasons.

## FACTS

2. The subject property ("Property") was deeded to all Plaintiffs except Daryl Gillespie by General Warranty Deed with Vendor's Lien effective April 8, 2008. *See* Ex. A. As noted in Plaintiffs' recitation of the facts, all Plaintiffs executed a promissory note evidencing a loan from Crestmark Mortgage Company, Ltd. ("Crestmark") and a deed of trust ("Original Deed of Trust") for the benefit of Crestmark in connection with the acquisition of the Property. *See* Plaintiffs' Motion for Summary Judgment ("Motion") at ¶ 4.

3. On or about July 27, 2009, Gail Gillespie, Audrey Gillespie, and Delores Foster (collectively, "Debtors") executed a promissory note evidencing a $220,724.00 loan from

Mountain States Mortgage Centers, Inc. ("Mountain States") and a deed of trust ("Deed of Trust") for the benefit of Mountain States to secure the loan. Motion at ¶ 5. Ocwen is the current servicer of the loan.

4.  When the loan from Mountain States closed, almost all of the loan proceeds – $215,073.17 – were paid to CITI, who was the owner or servicer of the Crestmark purchase money loan. *See* Ex. B at Ex. 2, 3.

5.  Debtors immediately defaulted on the loan, and Gail Gillespie sent several requests for a loan modification. *See, e.g.*, Ex. C at Ex. 1 and Ex. 3. Gail Gillespie also filed for bankruptcy, *see* Ex. D, but the bankruptcy was closed without a discharge. *See* Ex. E.

6.  When Ocwen finally began the process to foreclose on the Property, Debtors filed this lawsuit in state court to stop the foreclosure. Daryl Gillespie joined as a plaintiff in Plaintiffs' First Amended Petition in which Plaintiffs seek to remove the cloud on Debtors' title to the Property and for a declaratory judgment that the Deed of Trust lien is void as to the interests of all Debtors. Ocwen timely removed the case to this Court, and Plaintiffs filed their motion for summary judgment.

## EXHIBITS SUPPORTING RESPONSE

7.  The following exhibits are attached hereto and incorporated herein by reference:

Ex. A     General Warranty Deed with Vendor's Lien

Ex. B     Declaration from Patricia Spillane

| | |
|---|---|
| Ex. C | Declaration of Kyle Lucas |
| Ex. D | Gail Gillespie's Petition in Bankruptcy |
| Ex. E | Notice of Chapter 7 Case Closed Without Discharge |
| Ex. F | Gail Gillespie's Bankruptcy Schedules |
| Ex. G | Deed of Trust Made on April 8, 2008 |
| Ex. H | Deed of Trust Made on July 27, 2009 |

## ARGUMENTS AND AUTHORITIES

**Deed is Not Void as To Audrey Gillespie and Delores Foster**

8. Assuming arguendo that Texas law requires both spouses to execute a deed of trust to impress a lien on the couple's homestead and that any deed of trust not executed by both spouses is void, Plaintiffs make the leap – without any authority – that the Deed of Trust is void not only as to Gail Gillespie's interest, but also to Audrey Gillespie's and Delores Foster's interests, even though they signed the Deed of Trust. There is simply no support for this proposition, and indeed, the case law is to the contrary.

9. As stated herein, the Property was originally deeded to all Debtors. *See* Ex. A. Therefore, each Debtor had an undivided 33 1/3% interest in the Property, making them cotentants. *See* BLACK'S LAW DICTIONARY 347 (6th ed. 1990) (defining cotenancy).

10. "As a matter of right, each cotenant may sell, encumber, lease, or otherwise convey his undivided interest in the common property without the consent of his cotenants." *City of Plano v. Hale*, No. 05-92-01732-CV, 1993 WL 175208, at *4 (Tex. App. – Dallas May 26, 1993, writ denied) (not designated for publication); *see also Barstow v. State of Texas*, 742 S.W.2d 495, 508 (Tex. App. – Austin 1987, writ denied). This proposition has long been the law in Texas and other jurisdictions:

> [I]t is settled law that no single co-owner of property held jointly or in common can encumber it by his own sole act; this means, of course, that a mortgage or deed of trust executed by less than all of the cotenants and purporting to bind the entire estate is a mere nullity in so far as the non-assenting cotenants are concerned, unless they authorized such action or thereafter ratified it. **But it is well established that such an encumbrance is valid as to the cotenant who executed it.**

*Home Owners' Loan Corp. v. Cilley*, 125 S.W.2d 313, 316 (Tex. Civ. App. – Amarillo 1939, writ ref'd) (quoting 14 AM. JUR. 155) (emphasis added).

11. When a cotenant conveys his entire interest, his grantee succeeds to the grantor's right, title and interest in the property. *Trevino v. Trevino*, 64 S.W.3d 166, 174 (Tex. App. – San Antonio 2001, no writ); *Hines v. Pointer*, 523 S.W.2d 733, 739 (Tex. Civ. App. – Fort Worth 1975, writ ref'd n.r.e.) ("The effect of a [cotenant's] conveyance of the whole tract is to give title to the grantee of only the undivided interest owned by that cotenant grantor."). Consistent with this proposition, in *Cilley*, the court found that a lender's foreclosure on a deed of trust executed by the owner of a one-third undivided interest gave the lender a one third undivided interest in the property. *Cilley*, 125 S.W.2d at 318-19.

12. Delores Foster and Audrey Gillespie each had the power to grant a security interest in her undivided 33 1/3 % interest. Therefore, even if the Deed of Trust lien is invalid as to Gail Gillespie's interest, which Ocwen denies, the Deed of Trust imposes a lien on Delores Foster's and Audrey Gillespie's interests. Therefore, Plaintiffs are not entitled to summary judgment.

**Gail Gillespie and Daryl Gillespie Ratified the Deed of Trust, Thereby Encumbering the Entire Fee**

13. Even if all of the cotenants do not join in the execution of a deed of trust so as to burden their interests, the cotenants may later ratify the deed of trust, thereby granting a security interest in the entire fee. *See Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co.*, 125 S.W.2d 263, 268 (Tex. 1939) ("It is definitely settled that a cotenant [that did not execute a conveyance] may by a course of dealing with the balance of the common property, in which he disregards the equitable rights created by his cotenants' conveyance, be held to have acted in recognition and ratification thereof."); *MaGee v. Hambleton*, No. 2-08-441-CV, 2009 WL 2619425, at *5 n.9 (Tex. App. – Fort Worth 2009, pet. denied) (not cited for publication); *Cilley*, 125 S.W.2d at 316 (recognizing that cotenants may ratify a deed not executed by them).

14. Ratification occurs when a party (1) approves another's acts by act, word or conduct, (2) with full knowledge of the facts of the prior act, and (3) with the intention of giving validity to the prior act. *Lawrence v. Reyna Realty Group*, 434 S.W.3d 667, 674 (Tex.

App. – Houston [14th Dist.] 2014, no pet.); *White v. Harrison*, 390 S.W.3d 666, 672 (Tex. App. – Dallas 2012, no pet.).

15.     Both Gail Gillespie and Daryl Gillespie ratified the loan and Deed of Trust in several respects. First, Gail Gillespie submitted several requests for a loan modification, including a request in early 2011. *See* Ex. C at Ex. 1. Among the documents submitted by Gail Gillespie was a letter from Daryl Gillespie to GMAC Mortgage Corp. in which he states that he is "writing this letter to inform you of the pending request for a 'Home modification [sic], that is pending with your firm.'" *See id.* at Ex. 1 at 01938. Daryl Gillespie further states that he is Gail Gillespie's husband and that "I contribute at least half payment [sic] of all accumulating bill's [sic], such as, 'House note . . . .'" *Id.* Daryl Gillespie notably did not claim that the loan or the lien were invalid.

16.     Second, on October 3, 2011, Debtors, including Gail Gillespie, executed a Non-HAMP Loan Modification Agreement ("Agreement") with GMAC Mortgage, LLC. *See* Ex. C at Ex. 2. Daryl Gillespie witnessed the signatures of Audrey Gillespie and Delores Foster. *See id.* at Ex. 2 at 01207. The first page of the Agreement provides that the promissory note being amended, which is dated July 17, 2009, "is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the 'Security Instrument'), dated the same date as the Note." *Id.* at Ex. 2 at 01204. On the second page, "Lender and Borrower acknowledge and agree . . . to carry forward all liens and security interests securing the Note, which are

expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note." *Id.* at Ex. 2 at 01205 at ¶ 8.

17. Third, on or about September 24, 2012, Gail Gillespie sent another request for a loan modification. *See* Ex. C at Ex. 3. One of the documents in the submitted application included a Short Form Request for Individual Tax Return Transcript signed by Gail Gillespie and Daryl Gillespie. *Id.* at Ex. 3 at 01687. The Request authorized the Internal Revenue Service to release their tax returns to GMAC Mortgage, LLC. *Id.*

18. Fourth, Gail Gillespie acknowledged the validity of the Deed of Trust when she filed for bankruptcy. In her schedules, she listed the Property as being a secured asset. *See* Ex. F at 1, 13.

19. The evidence establishes that Gail and Daryl Gillespie have acknowledged the validity of the loan and Deed of Trust. Therefore, even if the Deed of Trust is unenforceable as to Gail Gillespie's 33 1/3 % undivided interest because Daryl Gillespie failed to sign the Deed of Trust, both Gail and Daryl Gillespie later ratified the Deed of Trust, thereby granting a security interest in the entire fee to the Property. Plaintiffs' motion for summary judgment must be denied for this reason, as well.

**Plaintiffs Are Not Entitled to Have Their Title Quieted Because Ocwen is Equitably Subrogated to the Prior Deed of Trust Lien**

20. "Subrogation is the right of one who has paid an obligation, which another should have paid, to be indemnified by the other." *International Elevator Co., Inc. v. Garcia*, 73 S.W.3d 420, 421 (Tex. App. – Houston [1st Dist.] 2002, no pet.). Texas courts have

liberally applied the right of subrogation and have been in the forefront of upholding it for over a century. *LaSalle Bank N.A. v. White*, 246 S.W.3d 616, 618 (Tex. 2008); *Keck, Mahin & Cate v. National Union Fire Ins. Co. of Pittsburgh, P.A.*, 20 S.W.3d 692, 702 (Tex. 2000) (recognizing that Texas courts have been liberal in determining whether an element of equitable subrogation has been satisfied); *Faires v. Cockrill*, 31 S.W. 190, 194 (Tex. 1895) ("Perhaps the courts of no other state have gone further in applying the doctrine of subrogation than this state."); *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537, 541 (Tex. App. – Corpus Christi 1994, writ denied); *Texas Real Estate Comm'n v. Century 21 Security Realty, Inc.*, 598 S.W.2d 920, 922 (Tex. App. – El Paso 1980, writ ref'd n.r.e.) ("The doctrine [of equitable subrogation] is particularly strong in this state.") (quoting 53 TEX. JUR. 2d SUBROGATION § 5 (1964)).

21.     "A right to subrogation is often asserted by one who pays the debt of another." *Smart v. Tower Land and Inv. Co.*, 597 S.W.2d 333, 337 (Tex. 1980). "[T]he doctrine of subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter." *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537, 541-42 (Tex. App. – Corpus Christi 1994, writ denied). Equitable subrogation is frequently applied when a mortgagee's loan proceeds are used to discharge a prior loan secured by the property. *See, e.g., La Salle*, 246

S.W.3d at 620; *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 661 (Tex. 1996); *First Nat'l Bank of Kerville v. O'Dell,* 856 S.W.2d 410, 415 (Tex. 1993).

22. When Debtors acquired the Property, all Plaintiffs executed the Original Deed of Trust that granted a security interest in the Property. *See* Ex. G. In seeking the loan serviced by Ocwen, Gail Gillespie and Audrey Gillespie specifically requested that the loan funds be used to pay off their prior mortgage loan. *See* Ex. B at Ex. 1. The HUD-1 Settlement Statement signed by Debtors at closing shows that $215,073.17 was to be paid to CITI. *See id.* at Ex. 2. The Closing HUD Ledger shows that $215,073.17 was disbursed at closing to CITI. *See id.* at Ex. 3. Moreover, the Renewal and Extension Rider attached to the Deed of Trust provided as follows:

> The Note hereby secured is given in renewal and extension of the sum(s) left owing and unpaid on that prior indebtedness which has been paid by the loan proceeds from and thereby merged into the Note hereby secured.

Ex. H.[1] The Promissory Note referenced is the promissory note dated April 8, 2009, in the amount of $217,463.00 from Crestmark Mortgage Ltd. *See id.*

23. Because the loan funds were disbursed to discharge the prior mortgage, Ocwen is equitably subrogated to the Original Deed of Trust lien in the amount of $215,073.17. Furthermore, Ocwen is subrogated to the interest that has accrued since its loan funds were paid to discharge the previous indebtedness. *See Chase Home Finance, LLC v. Cal Western Reconveyance Corp.*, 309 S.W.3d 619, 629 (Tex. App. – Houston [14th Dist.] 2010, no pet.)

---

[1] Plaintiffs attached a copy of the Deed of Trust to the Motion. For the Court's convenience, Ocwen is attaching a copy to its Response for ease of reference.

(citing TEX. FIN. CODE ANN. § 302.002; *American Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480, 485 (Tex. 1992) (Hecht, J., concurring opinion joined by four other justices)). Loan proceeds of $215,073.17 were disbursed in August 2009. *See* Ex. B at Ex. 3. The judgment interest rate in Texas in August 2009 was 5.0%. Therefore, Ocwen's loan is subrogated to the Original Deed of Trust in the amount of $215,073.17, plus interest of 5.0% since August 2009. Because the loan is secured by virtue of equitable subrogation to the prior lien, Plaintiffs' motion for summary judgment must be denied.

WHEREFORE, Ocwen respectfully requests that the Court deny Plaintiffs' motion for summary judgment and grant such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Timothy M. McDaniel
Timothy M. McDaniel
State Bar No. 13525500
Federal Bar No. 2532
Two Greenway Plaza, Suite 1030
Houston, Texas 77046
713-227-5001(Telephone)
713-227-8750 (Fax)
tmcdaniel@mcdanielfirm.com

**ATTORNEY IN CHARGE FOR DEFENDANT, OCWEN LOAN SERVICING, LLC**

OF COUNSEL:

Kelly Conklin
State Bar No. 00793540
Federal Bar No. 19309
McDaniel Hohlt, P.C.
Two Greenway Plaza, Suite 1030
Houston, Texas  77046
713-227-5001 (Telephone)
713-227-8750 (Fax)
kconklin@mcdanielfirm.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the following counsel as indicated below on October 3, 2014.

**BY E-SERVICE:**
lane@m-llaw.com
Robert C. Lane
Robert Y. Petersen
**THE LANE LAW FIRM**
6200 Savoy, Suite 1150
Houston, TX 77036-3300
*(Counsel for Plaintiffs)*

          /s/ Kelly Conklin
          Kelly Conklin

F:\Documents\Open Client Files\2128\MSJ Response.wpd