IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| GAIL M. GILLESPIE, AUDREY F. GILLESPIE, DARYL GILLESPIE, AND DELORES FOSTER, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. 4:14-cv-00279 |
| OCWEN LOAN SERVICING, LLC, | § § | |
| Defendant. | § | |

## ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT

Counter-plaintiff, DLJ Mortgage Capital, Inc. ("DLJ Mortgage"), files this original counterclaim against counter-defendants Gail M. Gillespie, Audrey F. Gillespie, Daryl Gillespie, and Delores Foster (collectively, "Counter-defendants") and respectfully states as follows:

### Parties

1.      DLJ Mortgage is a corporation formed under the laws of the State of Delaware.

2.      Counter-defendants are residents of Fort Bend County, Texas.

### Jurisdiction

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4.     As stated herein, DLJ Mortgage is a nonresident corporation.  For diversity purposes, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.  DLJ Mortgage is incorporated in Delaware and has its principal place of business in New York.  Thus, DLJ Mortgage is a citizen of Delaware and New York.

5.     Counter-defendants are individuals that reside in Texas.  Therefore, Counter-defendants are citizens of Texas.

6.     The amount in controversy exceeds $75,000.

## Venue

7.     Venue is proper pursuant to 28 U.S.C. § 1441(a).

## Facts

8.     This case concerns whether DLJ Mortgage has a valid lien on real property owned by Gail Gillespie, Audrey Gillespie, and Delores Foster and whether DLJ Mortgage may foreclose on that lien.  The property is legally described as follows:

> LOT 23, BLOCK 4, OF CREEKMONT SEC. 2, AN ADDITION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN SLIDE NO. 200060069 OF THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS.

(the "Property").

9.     Perry Homes, LLC, executed a General Warranty Deed with Vendor's Lien dated April 8, 2008, in which it deeded the Property to Gail Gillespie, Audrey Gillespie, and Delores Foster.  The General Warranty Deed stated that the Property was being

conveyed in consideration for a payment of $217,463.00, which funds were loaned by Crestmark Mortgage Company, Ltd. ("2008 Loan").

10.     To secure the payment of the 2008 Loan, Counter-defendants executed a deed of trust ("2008 Deed of Trust") that granted a security interest in the Property.

12.     In July 2009, Gail Gillespie, Audrey Gillespie, and Delores Foster refinanced the 2008 Loan ("Refinance Loan").  In connection with the refinance, they executed a Note dated July 27, 2009, that evidenced a loan in the amount of $220,724.00 from Mountain States Mortgage Centers, Inc. ("Refinance Note").  The Refinance Note provided:

> Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument."  That Security Instrument protects the Lender from Losses which might result if Borrower defaults under this Note.

13.     Contemporaneously with the execution of the Refinance Note, Gail Gillespie, Audrey F. Gillespie and Delores Foster executed a Deed of Trust ("Refinance Deed of Trust") for the benefit of Mountain States Mortgage Centers, Inc. to secure the indebtedness being loaned.

14.     DLJ Mortgage is the owner of the Refinance Note and the beneficiary of the Refinance Deed of Trust.

15.     Gail Gillespie, Audrey F. Gillespie, and Delores Foster have defaulted multiple times on the Refinance Note.  When Ocwen initiated proceedings to foreclose on the Property, Counter-defendants filed this lawsuit to quiet title and for declaratory

judgment alleging that the Deed of Trust is unenforceable because it was not signed by Daryl Gillespie, Gail Gillespie's alleged husband.

## Causes of Action

**DLJ Mortgage is Equitably Subrogated to the 2008 Deed of Trust**

16.     The funds from the Refinance Loan were used to discharge the 2008 Loan, which was secured by the 2008 Deed of Trust.  The funds were also used to discharge tax liens on the Property.  DLJ Mortgage is equitably subrogated to the 2008 Deed of Trust and the tax liens to the extent that the funds from the Refinance Loan were used to discharge the 2008 Loan and the tax debt secured by these liens.  DLJ Mortgage is entitled to a judgment that it is equitably subrogated to these liens, which total $219,276.37.  DLJ Mortgage is further subrogated by the interest that has accrued on the $219,276.37 paid to discharge the liens.

**Counter-defendants have Breached their Warranty of Title**

17.     In the 2009 Deed of Trust, Gail Gillespie, Audrey Gillespie, and Delores Foster warranted title to the Property and covenanted to defend title to the Property.  If the Refinance Deed of Trust is void because Daryl Gillespie did not sign the Refinance Deed of Trust, then Gail Gillespie, Audrey Gillespie, and Delores Foster breached their warranty of title.  In the alternative, if the lien granted by the Refinance Deed of Trust fails only with respect to Gail Gillespie's interest, then Gail Gillespie has breached her warranty of title.

18.     In connection with warranting title, Gail Gillespie, Audrey Gillespie, and Delores Foster covenanted to defend title to the Property.  As such, they have a duty to indemnify DLJ Mortgage for the attorneys' fees it has incurred in defending its security interest.

**Counter-defendants have Breached the Covenant of Seisin**

19.     In the Refinance Deed of Trust, Gail Gillespie, Audrey Gillespie, and Delores Foster covenanted that they were "lawfully seized of the estate hereby conveyed and ha[d] the right to mortgage, grant and convey the Property."  If the Refinance Deed of Trust is void because Daryl Gillespie did not sign the Refinance Deed of Trust, then Gail Gillespie, Audrey Gillespie, and Delores Foster breached their covenant of seisin.  In the alternative, if the lien granted by the Refinance Deed of Trust fails only with respect to Gail Gillespie's interest, then Gail Gillespie has breached her covenant of seisin.

**In the Alternative, DLJ Mortgage is entitled to a Declaratory Judgment that 2009 Deed of Trust Lien is Valid as to Audrey Gillespie's and Delores Foster's Interest**

20.     Counter-defendants contend that the Refinance Deed of Trust is void as to all Counter-defendants' interests because Daryl Gillespie failed to sign the Refinance Deed of Trust.  While DLJ Mortgage denies this allegation, the Refinance Deed of Trust is, at a minimum, effective to impose a lien on the two thirds undivided interest collectively owned by Audrey Gillespie and Delores Foster.  DLJ Mortgage is entitled to a declaratory judgment that the Refinance Deed of Trust lien is valid as an undivided two thirds interest in the Property.

21.     Pursuant to 28 U.S.C. § 2202, DLJ Mortgage is entitled to recover its attorneys' fees in connection with its declaratory judgment claim.

WHEREFORE, DLJ Mortgage respectfully requests that the Court enter a take nothing judgment on Counter-defendants' claims against DLJ Mortgage, that the Court enter a judgment in favor of DLJ Mortgage and against Counter-defendants on DLJ Mortgage's claims as alleged herein, that it recover its attorney's fees and costs, and that it have such other and further relief to which it may be entitled to receive.

Respectfully submitted,

  /s/ Timothy M. McDaniel
Timothy M. McDaniel
State Bar No. 13525500
Federal Bar No. 2532
440 Louisiana, Suite 1800
713-222-7666 (Telephone)
713-222-7669 (Fax)
tmcdaniel@imtexaslaw.com

**ATTORNEY IN CHARGE FOR DEFENDANT, DLJ MORTGAGE CAPITAL, INC.**

OF COUNSEL:

Kelly Conklin
State Bar No. 00793540
Federal Bar No. 19309
Irelan McDaniel, PLLC
440 Louisiana, Suite 1800
713-222-7666 (Telephone)
713-222-7669 (Fax)
kconklin@imtexaslaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the following counsel as indicated below on January 20, 2015.

**BY E-SERVICE:**
lane@m-llaw.com
Robert C. Lane
Robert Y. Petersen
**THE LANE LAW FIRM**
6200 Savoy, Suite 1150
Houston, TX 77036-3300
*(Counsel for Plaintiffs)*

        /s/ Kelly Conklin
        Kelly Conklin

F:\McDaniel\Documents\Open Client Files\2128\Counterclaim Original.docx