UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GAIL M GILLESPIE, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-279 |
| § | |
| OCWEN LOAN SERVICING, LLC, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Summary Judgment (Doc. 12). Having considered the motion, the facts in the record, and the applicable law, the Court concludes Plaintiffs' Motion for Summary Judgment should be denied.

**I.    Background**

This case involves the foreclosure of a homestead located at 2514 Shadow Oaks Drive, Fresno, Texas. On April 8, 2008, the subject property was deeded to three of the Plaintiffs, not including Daryl Gillespie, by a General Warranty Deed with Vendor's Lien. Doc. 20-1. From that date, the property has been the homestead of Plaintiffs Gail and Daryl Gillespie. Doc. 12-3. On April 15, 2008, all four Plaintiffs jointly executed a deed of trust securing a loan from Crestmark Mortgage Company, Ltd. Doc. 12-1. On July 27, 2009, three of the Plaintiffs, not including Daryl Gillespie, refinanced the loan by jointly executing a second deed of trust securing a loan from Mountain States Mortgage Centers, Inc., the proceeds of which were paid to CITI, the owner and servicer of the original loan. Doc. 12-2. Ocwen is the servicer of the second loan. Debtors immediately defaulted and sought loan modifications. Doc. 20-3.

On January 3, 2014, after Ocwen posted a notice of foreclosure, three of the Plaintiffs obtained a temporary restraining order expiring January 17, 2014. On January 22, 2014,

Plaintiffs filed an amended original petition in the 400th Judicial District of Fort Bend County, Texas seeking a declaratory judgment to quiet title. On February 5, 2014, Ocwen removed to this Court under diversity jurisdiction. On August 1, 2014, Plaintiffs filed the pending motion for summary judgment. On January 8, 2015, this Court granted an unopposed motion to substitute DLJ Mortgage Capital, Inc. for Defendant Ocwen Loan Servicing, LLC. On January 20, 2015, DLJ filed a counterclaim against Plaintiffs seeking a declaratory judgment to quiet title and to indemnify DLJ Mortgage for attorneys' fees under the warranty of title in the second deed of trust. Doc. 27. On February 20, 2015, Plaintiffs filed an answer denying all of Defendant's counterclaims. Plaintiffs have not, however, filed a reply or addressed any of Ocwen's arguments regarding retaliation and equitable subrogation.

## II. Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over such a fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Initially the moving party bears the burden of identifying evidence that no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; it does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmovant then can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *Anderson*, 477 U.S. at 248-49.

### III. Discussion

Plaintiffs argue the second deed of trust is void, because it was not executed by Daryl Gillespie, the spouse of Gail Gillespie. Under Texas law, a spouse may not unilaterally encumber homestead property. Tex. Const. Art. XVI §50(b), (c); Tex. Fam. Code §5.001. The other two Plaintiff-Debtors, Audrey Gillespie and Delores Foster, however, are not spouses but merely cotenants, and the deed of trust is valid as to their interests. *Home Owners' Loan Corp. v. Cilley*, 125 S.W.2d 313, 316 (Tex. Civ. App. – Amarillo 1939, writ ref'd) ("[I]t is settled law that no single co-owner of property held jointly or in common can encumber it by his own sole act . . . . But it is well established that such an encumbrance is valid as to the cotenant who executed it. . . .").

As for the remaining third of the property, encumbered by Gail without her spouse Daryl's signature, Ocwen argues Daryl ratified the encumbrance by executing three documents. On January 26, 2011, Daryl wrote the servicer a letter requesting a loan modification, in which he stated he was Gail's husband and "I contribute at least half payment of all accumulating bill's, such as "House [sic] note." Doc. 20-3 at 7. On October 3, 2011, Daryl witnessed Gail's signature on a loan modification agreement. Doc. 20-3 at 11. On September 24, 2012, a Short Form Request for Individual Tax Return Transcript signed by Daryl was submitted to the servicer, authorizing the IRS to release his joint tax returns to the servicer. Doc. 20-3 at 27.

Ratification occurs when a party (1) approves another's acts by act, word or conduct, (2) with full knowledge of the facts of the prior act, and (3) with the intention of giving validity to the prior act. *Lawrence v. Reyna Realty Group*, 434 S.W.3d 667, 674 (Tex. App.—Houston [14 Dist.] 2014, no pet.). Here, Daryl acknowledged in writing and represented himself as an obligor on the second note. There is no genuine issue as to his knowledge of and intention to give

validity to the refinancing of his loan. Plaintiffs have produced no evidence to the contrary or even replied to Ocwen's ratification argument. That said, ratification of an encumbrance is generally a "question[] of fact to be determined from the particular circumstances of each case." *Cilley*, 125 S.W.2d at 317. Ocwen cites five cases, none of which are remotely on point. In two cases, ratification was not found. *Id.*; *White v. Harrison*, 390 S.W.3d 666, 672 (Tex. App. – Dallas 2012, no pet.). In another case, the court affirmed the submission of the question of ratification to the jury. *Lawrence v. Reyna Realty Group*, 434 S.W.3d 667, 674 (Tex. App.— Houston [1st Dist.] 2014, no pet.). In two cases, ratification was found in very different circumstances. *Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co.*, 125 S.W.2d 263, 268 (Tex. 1939) (ratification found in series of oil leases signed by cotenants); *MaGee v. Hambleton*, No. 2-08-441-CV, 2009 WL 2619425, at *5 n.9 (Tex. App. – Fort Worth 2009, pet. denied) (ratification found where cotenant received title to property from another cotenant subject to a disputed easement). Since Ocwen prevails on other grounds, and given the absence of relevant case law involving similar factual circumstances and of any evidence from Plaintiffs as to Daryl's intentions, it is not necessary to resolve the question of ratification.

Ocwen next argues even if the second deed of trust were void, Ocwen is equitably subrogated to the rights of the first lender under the first deed of trust, which was properly executed by Daryl. Texas courts have long applied equitable subrogation to second lienholders such as Defendant. *LaSalle Bank Nat. Ass'n v. White*, 246 S.W.3d 616, 620 (Tex. 2007) (citing cases and holding second lender with liens violating constitutional homestead rights may "step into the shoes of the prior lienholders" with "pre-existing, constitutionally valid liens"); *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 661 (Tex. 1996) (same). It is undisputed the proceeds of the second loan were used to pay off the $215,073.17 balance on the first loan, and

the second deed of trust expressly stated: "The Note hereby secured is given in renewal and extension of the sum(s) left owing and unpaid on that prior indebtedness which has been paid by the loan proceeds from and thereby merged into the Note hereby secured." Doc. 20 at 10. Therefore, Ocwen is equitably subrogated to the original deed of trust in the amount of $215,073.17 plus judgment interest accrued since the loan funds were paid to discharge that amount. *See Chase Home Finance, LLC v. Cal Western Reconveyance Corp.*, 309 S.W.3d 619, 629 (Tex. App. – Houston [14 Dist.] 2010, no pet.) ("[A] party entitled to subrogation based on its paying off of a prior lien is subrogated in the amount of the sum paid by that party plus legal interest thereon from the date of payment.").

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 31) is **DENIED**; the deed of trust serviced by Defendant is valid and enforceable as to the interests of Audrey Gillespie and Delores Foster, representing two-thirds of the homestead; and Defendant is equitably subrogated under the prior deed of trust, executed by Audrey Gillespie, Delores Foster, Gail Gillespie, and Gail Gillespie's spouse Daryl Gillespie, encumbering the entirety of the homestead.

SIGNED at Houston, Texas, this 31st day of March, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE