IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| GAIL M. GILLESPIE, AUDREY F. GILLESPIE, DARYL GILLESPIE, AND DELORES FOSTER, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. 4:14-cv-00279 |
| OCWEN LOAN SERVICING, LLC, | § § § | |
| Defendant. | § | |

## DLJ MORTGAGE'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE COURT:

DLJ Mortgage Capital, Inc. ("DLJ Mortgage"),[1] defendant, files this motion for partial summary judgment on most of the causes of action asserted by Gail M. Gillespie, Audrey F. Gillespie, Daryl Gillespie, and Delores Foster (collectively, "Plaintiffs"). DLJ Mortgage further moves for judgment on the pleadings.

### UNDISPUTED FACTS

1.      This case involves the foreclosure of an alleged homestead located at 2514 Shadow Oaks Drive, Fresno, Texas ("Property"). *See* Docket Entry 1-7. On April 8, 2008, the Property was deeded to three of the Plaintiffs, not including Daryl Gillespie, by a General Warranty Deed with Vendor's Lien. *See* Docket Entry 20-1. According to

---

[1] Ocwen Loan Servicing was the servicer of the loan at issue when this lawsuit was filed. The original petition primarily appeared to concern servicing-related issues. Plaintiffs then amended their petition to assert claims regarding the validity of the lien. Ownership of the loan was then transferred to a new investor, DLJ Mortgage, as well as a new servicer. Because the claims in the amended petition related to the validity of DLJ Mortgage's lien, DLJ Mortgage filed a motion for substitution asking that it be substituted in Ocwen's stead. The Court granted DLJ Mortgage's motion for substitution.

Plaintiffs, the property is their homestead. *See* Docket Entry 1-7 at ¶ 9. On April 15, 2008, all four Plaintiffs jointly executed a deed of trust securing a loan from Crestmark Mortgage Company, Ltd. Docket Entry 20-7. On July 27, 2009, three of the Plaintiffs, not including Daryl Gillespie, refinanced the loan by jointly executing a second deed of trust securing a loan from Mountain States Mortgage Centers, Inc., Docket Entry 20-8, the proceeds of which were paid to CITI, the owner and servicer of the original loan. Docket Entry 20-2 at Exhibits 2 and 3 and Docket Entry 20-8 at Renewal and Extension Rider. DLJ Mortgage is the owner of the second loan. *See* Ex. A. Debtors immediately defaulted and sought loan modifications. *See* Docket Entry 20-3 at Exhibits 1, 2, and 3.

  2. On January 3, 2014, after Ocwen Loan Servicing ("Ocwen"), the original servicer, posted a notice of foreclosure, three of the Plaintiffs filed suit and obtained a temporary restraining order expiring January 17, 2014. Docket Entries 1-3 and 1-8. In their First Amended Petition in which Daryl Gillespie was added as a Plaintiff, Plaintiffs seek the following relief:

  a. a removal of the alleged cloud on their title and to quiet title, Docket Entry 1-7 at ¶¶ 13-17;

  b. "a declaratory judgment specifying [Plaintiffs'] and Defendant's rights and duties in connection with the Note," *id.* at ¶ 19;

  c. a declaration that the lien is void as to all Plaintiffs, *see id.* at ¶¶ 20 and 22;

  d. a permanent injunction against DLJ Mortgage to prevent it from:

    i. entering and taking possession of the Property or otherwise interfering with Plaintiffs' right to the quiet enjoyment and use of the Property;

    ii. foreclosing on the Property;

      iii.    attempting to purchase, transfer, assign or collect on the Mortgage; and

      iv.    charging Plaintiffs' account for attorney's fees in connection with this action. *Id.* at ¶ 23.

Plaintiffs based their claims on the fact that Daryl Gillespie did not sign the deed of trust. *Id.* at ¶¶1-2. They claim the deed of trust is void. *Id.* at ¶ 2.

    3.    On January 22, 2014, Ocwen removed the case to this Court under diversity jurisdiction. Docket Entry 1. On August 1, 2014, Plaintiffs filed their motion for summary judgment. Docket Entry 12. On January 8, 2014, the Court granted an unopposed motion to substitute DLJ Mortgage for Ocwen. Docket Entry 26. On January 20, 2015, DLJ Mortgage filed a counterclaim alleging that it was equitably subrogated to the purchase money deed of trust lien signed by all Plaintiffs. Docket Entry 27 at ¶ 16. On March 31, 2015, the Court denied Plaintiffs' motion for summary judgment on the basis that DLJ Mortgage was equitably subrogated to the purchase money deed of trust lien. Docket Entry 31 at 5.

    4.    DLJ Mortgage now seeks summary judgment on the following claims:

- Plaintiffs' claim for declaratory judgment that the deed of trust is void;

- Plaintiffs' request for a removal of the cloud on their title caused by the Deed of Trust and to quiet title;

- Because Plaintiffs are in default, DLJ Mortgage is entitled to summary judgment on Plaintiffs' request that DLJ Mortgage be enjoined from entering and taking possession of the Property or otherwise interfering with Plaintiffs' right to the quiet enjoyment and use of the Property; and

- Plaintiffs' request that DLJ Mortgage be enjoined from foreclosing on the Property.

5. DLJ Mortgage seeks a judgment on the pleadings with respect to the remaining claims:

- Plaintiffs' request for a declaratory judgment of the parties' rights and duties under the note.

- Plaintiffs' request for an injunction restraining DLJ Mortgage from "attempting to purchase, transfer, assign or collect on the Mortgage"; and

- Plaintiffs' request for an injunction precluding DLJ Mortgage from "charging Plaintiffs' account for attorneys' fees in connection with this action."

## MOTION FOR SUMMARY JUDGMENT

6. The following paragraph is quoted from the Court's opinion denying summary judgment for the Plaintiffs and finding that DLJ Mortgage is equitably subrogated to the original deed of trust lien. DLJ Mortgage is entitled to summary judgment on its claim for equitable subrogation because this Court has previously found that it was equitably subrogated.

> Texas courts have long applied equitable subrogation to second lienholders such as DLJ Mortgage. *LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 620 (Tex. 2007) (citing cases and holding second lender with liens violating constitutional homestead rights may "step into the shoes of the prior lienholders" with "pre-existing, constitutionally valid liens"); *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 661 (Tex. 1996) (same). It is undisputed the proceeds of the second loan were used to pay off the $215,073.17 balance on the first loan, and the second deed of trust expressly stated: "The Note hereby secured is given in renewal and extension of the sum(s) left owing and unpaid on that prior indebtedness which has been paid by the loan proceeds from and thereby merged into the Note hereby secured." Therefore, [DLJ] is equitably subrogated to the original deed of trust in the amount of $215,073.17 plus judgment interest accrued since the loan funds were paid to discharge that amount. *See Chase Home Finance, LLC v. Cal Western Reconveyance Corp.*, 309 S.W.3d 619, 629 (Tex. App. – Houston

[14th Dist.] 2010, no pet.) ("[A] party entitled to subrogation based on its paying off of a prior lien is subrogated in the amount of the sum paid by that party plus legal interest thereon from the date of payment.").

Docket Entry 31 at 4-5.

7. The following argument is not from the Court's Opinion.

8. Loan proceeds of $215,073.17 were disbursed in August 2009. *See* Docket Entry 20-2 at Exhibits 2, 3. The judgment interest rate in Texas in August 2009 was 5.0%. Therefore, DLJ Mortgage's loan is subrogated to the original deed of trust in the amount of $215,073.17, plus interest of 5.0% since August 2009. Because DLJ Mortgage's loan is secured by virtue of equitable subrogation to the prior lien, DLJ Mortgage is entitled to summary judgment on its claim for equitable subrogation.

9. Because DLJ Mortgage is equitably subrogated to the prior lien, it is entitled to summary judgment on (1) Plaintiffs' claim to remove the alleged cloud on their title, and (2) Plaintiffs' request for a declaration that DLJ Mortgage's lien is void as to all Plaintiffs. In addition, debtors are in default on their loan. *See* Ex. A. Therefore, DLJ Mortgage is entitled to summary judgment on (1) Plaintiffs' request that DLJ Mortgage be enjoined from entering and taking possession of the Property or otherwise interfering with Plaintiffs' right to the quiet enjoyment and use of the property,[2] and (2) Plaintiffs' request that DLJ Mortgage be enjoined from foreclosing on the Property.

---

2 Although not spelled out as such, presumably Plaintiffs seek to enjoin DJL Mortgage's possession post foreclosure.

## ARGUMENTS AND AUTHORITIES ON
## MOTION FOR JUDGMENT ON THE PLEADINGS

*Standard for Judgment on the Pleadings*

10.     Rule 12(c) provides that after the pleadings are closed, a party may move for judgment on the pleadings.  "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curium)).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Gentilello v. Rege¸* 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Hughes v. Tobacco Inst., Inc.¸* 278 F.3d 417, 420 (5th Cir. 2008)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 695 (5th Cir. 2005)).

*DLJ Mortgage is Entitled to Judgment on the Remaining Causes of Action*

11.     Plaintiffs seek a declaratory judgment of the parties' rights and duties under the note.  Docket Entry 1-7 at ¶ 19.  They also seek an injunction restraining DLJ Mortgage from "attempting to purchase, transfer, assign or collect on the Mortgage."  *Id.* at ¶ 23(c). The Petition fails to allege any facts supporting a claim with respect to the note.

Indeed, Plaintiffs' only claim is that the Deed of Trust is unenforceable because Daryl Gillespie did not sign it. *Id.* at ¶¶ 1-2.

12. Plaintiffs wholly fail to plead any facts that allow the Court to draw the reasonable inference that they are entitled to a declaratory judgment of the parties' rights under the note or that they are entitled to an injunction with respect to the note. Indeed, Plaintiffs fail to state what they believe the parties' rights under the note to be or why the note – as opposed to the deed of trust – is unenforceable. Moreover, Plaintiffs fail to allege why the note should not be assigned, transferred or collected.

13. In the absence of any facts allowing the Court to draw the inference that Plaintiffs are entitled to the relief requested, the Court should enter judgment in favor of DLJ Mortgage and against Plaintiffs on these claims.

14. Plaintiffs also seek an injunction precluding DLJ Mortgage from "charging Plaintiffs' account for attorneys' fees in connection with this action." Docket Entry 1-7 at ¶ 23(c). DLJ Mortgage is not asserting a claim for attorney's fees in these motions which, if granted, will dispose of the case. Therefore, DLJ is entitled to judgment on this claim.

WHEREFORE, DLJ Mortgage respectfully requests that the Court grant DLJ Mortgage's motion for partial summary judgment and motion for judgment on the pleadings and grant such other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Timothy M. McDaniel
Timothy M. McDaniel
State Bar No. 13525500
Federal Bar No. 2532
440 Louisiana, Suite 1800
Houston, Texas 77002
713-222-7666 (Telephone)
713-222-7669 (Fax)
tmcdaniel@IMTexasLaw.com

**ATTORNEY IN CHARGE FOR DEFENDANT, DLJ MORTGAGE CAPITAL, INC.**

OF COUNSEL:
Kelly Conklin
State Bar No. 00793540
Federal Bar No. 19309
Irelan McDaniel, PLLC
440 Louisiana, Suite 1800
Houston, Texas 77002
713-222-7666 (Telephone)
713-222-7669 (Fax)
kconklin@IMTexasLaw.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the following counsel as indicated below on August 11, 2015.

**BY E-SERVICE:**
lane@m-llaw.com
**AND/OR BY FAX: 713.595.8201**
Robert C. Lane
Robert Y. Petersen
**THE LANE LAW FIRM**
6200 Savoy, Suite 1150
Houston, TX 77036-3300
*(Counsel for Plaintiffs)*

                                            /s/ Kelly Conklin
                                            Kelly Conklin

F:\MCDANIEL\Documents\Open Client Files\2128\MSJ and Mot for Judg on Pldgs.docx