IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| GAIL M. GILLESPIE, AUDREY F. GILLESPIE, DARYL GILLESPIE, AND DELORES FOSTER, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| vs. | | Case No. 4:14-cv-00279 |
| OCWEN LOAN SERVICING, LLC, | | |
| Defendant. | | |

## MOTION TO DISMISS CLAIMS AND FOR ENTRY OF JUDGMENT

TO THE HONORABLE COURT:

DLJ Mortgage Capital, Inc. ("DLJ Mortgage") files this Motion to Dismiss Claims and for Entry of Judgment pursuant to Federal Rule of Civil Procedure 58.

1. Plaintiffs Gail Gillespie, Audrey Gillespie, and Delores Foster executed a deed of trust that granted DLJ Mortgage Capital, Inc. ("DLJ Mortgage") a security interest in their property in consideration for a loan that refinanced their mortgage.

2. In this lawsuit, Plaintiffs alleged that DLJ Mortgage did not have a valid security interest in the property because the deed of trust was not signed by Daryl Gillespie. They sued to remove the cloud on their title and to quiet title and requested a declaratory judgment that DLJ Mortgage's security interest was void. Plaintiffs further asserted claims with respect to the note evidencing the loan and DLJ Mortgage's right to foreclose on the deed of trust.

3. DLJ Mortgage filed a counterclaim asserting that it was equitably subrogated to a prior deed of trust lien because its loan funds were paid to discharge the prior loan and deed of trust lien. DLJ Mortgage claimed in the alternative that if it did not have a right to subrogation, then Gail Gillespie, Audrey Gillespie, and Delores Foster were liable to it for breach of warranty and breach of the covenant of seisin. In the further alternative, DLJ Mortgage sought a declaratory judgment that it had a security interest in Audrey Gillespie's and Delores Foster's interest in the property.

4. On March 15, 2015, the Court entered an Order denying Plaintiffs' Motion for Summary Judgment and found that Ocwen Loan Servicing (who was the defendant at that time) "was equitably subrogated to the original deed of trust in the amount of $215,073.17 plus judgment interest accrued since the loan funds were paid to discharge that amount." Docket Entry 31 at 3. In Ocwen's Response to Plaintiffs' Motion for Summary Judgment, Ocwen presented evidence that the $215,073.17 was paid on August 21, 2009. Docket Entry 20 at Ex. B-3.

5. On October 29, 2015, the Court entered an Order granting DLJ Mortgage's motion for summary judgment and motion for judgment on the pleadings. *See* Docket Entry 37. The Order disposed of all causes of action asserted by Plaintiffs against DLJ Mortgage by either granting summary judgment or judgment on the pleadings. The Order further granted summary judgment on DLJ Mortgage's claim that it was equitably subrogated to the prior deed of trust lien and quoted from the Court's Order of March 15, 2015, as stated herein at paragraph 4.

6. Because the Court has found that DLJ Mortgage is equitably subrogated, thus establishing its right to foreclose, DLJ Mortgage no longer wishes to pursue its remaining counterclaims against Plaintiffs that were asserted in the alternative. DLJ Mortgage, therefore, requests that its counterclaims for breach of warranty, breach of the covenant of seisin, and declaratory judgment be dismissed without prejudice.

7. Federal Rule of Civil Procedure 58 provides that the Court must approve the form of the judgment, which the clerk shall enter, if the Court grants relief that is not described in Rule 58(b). In the present case, the Court granted summary judgment and judgment on the pleadings, which relief is not described in Rule 58(b). Therefore, DLJ Mortgage requests that the Court enter judgment in favor of DLJ Mortgage and against Plaintiffs on all of Plaintiffs' claims. DLJ Mortgage further requests that the Court enter judgment in favor of DLJ Mortgage and against Plaintiffs on DLJ Mortgage's claim for equitable subrogation and enter judgment that DLJ Mortgage is entitled to foreclose on the deed of trust lien to which it is subrogated.

WHEREFORE, DLJ Mortgage respectfully requests that the Court dismiss its remaining counterclaims as requested herein, enter a final judgment in favor of DLJ Mortgage and against Plaintiffs, and grant DLJ Mortgage such other and further relief to which it may be entitled.

Respectfully submitted,

  /s/ Timothy M. McDaniel
Timothy M. McDaniel
State Bar No. 13525500
Federal Bar No. 2532
440 Louisiana St., Suite 1800
Houston, Texas 77002
713-222-7666(Telephone)
713-222-7669 (Fax)
tmcdaniel@imtexaslaw.com

**ATTORNEY IN CHARGE FOR DEFENDANT, DLJ MORTGAGE CAPITAL, INC.**

OF COUNSEL:
Kelly Conklin
State Bar No. 00793540
Federal Bar No. 19309
Irelan McDaniel, PLLC
440 Louisiana St., Suite 1800
Houston, Texas 77002
713-222-7666 (Telephone)
713-222-7669 (Fax)
kconklin@imtexaslaw.com

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure upon the following counsel as indicated below on February 10, 2016.

**BY E-SERVICE / BY E-MAIL:**
lane@m-llaw.com
Robert C. Lane
Robert Y. Petersen
**THE LANE LAW FIRM**
6200 Savoy, Suite 1150
Houston, TX 77036-3300
*(Counsel for Plaintiffs)*

      /s/ Kelly Conklin
Kelly Conklin

F:\MCDANIEL\Documents\Open Client Files\2128\Motion to Dismiss and for Entry of Judgment.docx